[Civ. No. 13451. Second Dist., Div. Three. Aug. 13, 1943.]

EDWIN PYLE, Appellant, v. EXETER REFINING COMPANY (a Corporation) et al., Respondents.

Allard, Whyte & Brownsberger for Appellant.

Don S. Irwin for Respondent.

SHAW, J. pro tem.—Plaintiff appeals from a judgment adverse to him, which was a nonsuit as to the individual defendant, Von Bibra, but a judgment on the merits as to the corporate defendant, Exeter Refining Company, hereinafter referred to as the defendant. Plaintiff, who was engaged in business as an oil broker, sues for a commission claimed to be due him on an exchange of oil between defendant and Comet Oil Company, Ltd., at the rate of one cent per barrel of fuel oil delivered by defendant. Plaintiff brought to the attention of defendant the fact that Comet Oil Company was in the market for fuel oil which defendant had for sale and perhaps a deal could be made between them. As a result of this information a contract was made between defendant and Comet by which defendant exchanged its fuel oil for Comet's cracked residuum. This contract was in writing and was in the form of a proposal by defendant dated October 3, 1939, and an acceptance by Comet dated October 13, 1939. This contract was to run for six months or until cancelled, each party reserving the right to cancel it on ninety days notice. Later these parties made a second contract, effective February 9, 1940, which cancelled the first contract, but provided for further exchange of the same commodities between them, on somewhat different terms.

One of the questions raised on this appeal is whether plaintiff is entitled to a commission on all oil delivered by defendant to Comet on either of these contracts, or is limited to that delivered under the first contract only. The trial court adopted the latter alternative as expressing the intent of the agreement for commissions, and we think its decision in that respect must be affirmed. The commission agreement was oral. Three persons were present at its making: plaintiff, Von Bibra, who was president and manager of defendant corporation, and W. T. Chappe, who was in the employ of defendant corporation. Each of them admitted that his recollection of the conversation in which the agreement was made was hazy, but each gave some testimony regarding it. Von Bibra testified that "I remember saying to Mr. Pyle that we would pay him one cent per barrel for fuel oil delivered by us under this exchange . . . that the one cent per

barrel to be paid on fuel oil delivered by us in exchange to the Comet Oil Company. . . . Under the arrangement or stated under the agreement dated October 3, 1939.'' Other testimony gave somewhat different versions of this conversation, but the choice between them was a matter for the trial court. Plaintiff, while denying any recollection of the limitation put on the agreement by Von Bibra, testified: ''Q. You did not understand they were agreeing to pay you one cent a barrel on any fuel oil they would send to Comet from then on out? A. No, I didn't. Q. It was the particular deal you had under discussion at that time? A. That's correct.''

█ The trial court found that there had been an accord and satisfaction by which defendant had paid and plaintiff had accepted $180 as full satisfaction of his claim for commission. Plaintiff now contends that this finding is not supported by the evidence. The evidence shows that on February 12, 1940, defendant delivered to plaintiff its check for $180 and plaintiff accepted, endorsed and cashed it. This amount was less than was due plaintiff for deliveries under the first contract. Upon the face of this check when it was delivered to plaintiff, there was written: ''Payment in full for commission re-sale of fuel oil to Comet Oil Co. Ltd.'' This check was delivered to plaintiff by Chappe, who told him at the time that a new agreement had been made between defendant and Comet, that the check was payment in full under the deal that plaintiff had made with defendant, and that Chappe's only authority was to pay him that in full. Plaintiff testified that prior to the delivery of this check he had asked Chappe for an accounting of deliveries and his commissions. It does not appear that any such account was given him and he had no knowledge of the amount of commissions due when he took the check. No witness was able to say how the amount of the check was determined. Chappe testified further that plaintiff, when he received the check, said it was rather peculiar that it came out an even amount, that before the delivery of the check plaintiff had several times asked about his commissions, and that in one of these meetings plaintiff had asked for more money than the amount of the check. Plaintiff's point in this connection is that there is no evidence of a dispute between the parties in regard to the amount due. We think the evidence, while not strong, is sufficient to support the trial court's finding. The plaintiff had made several requests for a settlement of his commission, had received no accounting, had once demanded an amount larger than that tendered him, com-

mented on the peculiarity of an even number of dollars offered, was told that the check was offered as payment in full, and accepted it. There was another agreement between the parties, under which it was claimed that plaintiff had failed to take delivery of distillate and oil as agreed. It was defendants' contention that in the discussion of this contract plaintiff voluntarily waived his right to commission on sales to Comet. There was evidence of such waiver and of a subsequent effort by plaintiff to reinstate the commission arrangement. It was open to doubt, at the time of the settlement, whether the commission agreement was in force. An inference of a dispute as to amount could reasonably be drawn from these facts.

No complaint is made of the nonsuit in favor of Von Bibra, and it was obviously proper, since he was not acting in his own behalf, but solely for the defendant corporation, in his dealings with plaintiff.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.